IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

VALERIE GLENN

vs.  CIVIL ACTION NO. WDQ-05-3291

COMMISSIONER OF SOCIAL
SECURITY ADMINISTRATION

## REPORT AND RECOMMENDATION

This is a *pro se* appeal from a denial by the Social Security Administration of a request to reopen proceedings on claims for Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI). The appeal has been referred for a Report and Recommendation. The defendant has filed a motion to dismiss or, alternatively, for summary judgment. The plaintiff has filed nothing.

The *pro se* plaintiff applied for DIB and SSI in April 1998. The claims were denied in June 2000 after a hearing by an Administrative Law Judge (ALJ). (Tr. 35-44). It appears that no appeal was taken from that determination. Rather, in August 2000 the plaintiff filed another claim for SSI. (Tr. 63-64). That claim was the subject of another hearing before an ALJ, after which the ALJ determined in a written decision in July 2004 that the plaintiff met a listing for a mental impairment and was entitled to benefits under SSI. (Tr. 17-20). The plaintiff then requested review by the Appeals Council. Although plaintiff's intent was not clear, she must either have been asking the Appeals Council to reopen the case that disposed of the 1998 claims or contending that the ALJ who considered the 2000 SSI application should have reopened the earlier case. (Tr. 14-15). The Appeals Council, in August 2005, denied the request for review but sent the request for reopening to the ALJ for further action on the issue of reopening the earlier case. (Tr. 12). In November 2005,

the ALJ, after considering the regulations concerning reopening of prior applications, concluded that the case met none of the enumerated reasons for reopening. The ALJ added, however, that in making his determination he also reviewed the evidence, including the file from the prior hearing, and concluded that the plaintiff was not disabled prior to August 13, 2000. (Tr. 8). That appears to have been the last administrative action in the case.

The defendant argues that this Court is without jurisdiction to hear denials of requests to reopen Social Security cases, relying upon *Hall v. Chater*, 52 F.3d 518 (4th Cir. 1995). *Hall* undeniably supports that position. However, as the Court noted in *Hall*, "jurisdiction to review exists when a review of the record discloses that the merits of the claim actually have been reconsidered." *Id.* at 520 (citing *McGowen v. Harris*, 666 F.2d 60 (4th Cir. 1981). It is abundantly clear here that the ALJ, after making the determination that there was no reason under the regulations to reopen the earlier case, took that extra step to review the evidence and make the finding that the plaintiff was not disabled prior to August 2000 -- a *de facto* reopening of the earlier decision. Unfortunately, the determination by the ALJ regarding his review of the evidence is wholly devoid of analysis, rendering review by this Court impossible.

For the foregoing reasons, it is hereby recommended that this action be remanded to the agency for further proceedings. Obviously, this decision would not impact plaintiff's current entitlement to benefits, which was not at issue in this appeal.

Dated this 27th day of September, 2006.

James K. Bredar
United States Magistrate Judge

# FEDERAL RULE OF CIVIL PROCEDURE 72

## MAGISTRATE JUDGES; PRETRIAL ORDERS

**(a) Nondispositive Matters.** A magistrate judge to whom a pretrial matter not dispositive of a claim or defense of a party is referred to hear and determine shall promptly conduct such proceedings as are required and when appropriate enter into the record a written order setting forth the disposition of the matter. Within 10 days after being served with a copy of the magistrate judge's order, a party may serve and file objections to the order; a party may not thereafter assign as error a defect in the magistrate judge's order to which objection was not timely made. The district judge to whom the case is assigned shall consider such objections and shall modify or set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law.

**(b) Dispositive Motions and Prisoner Petitions.** A magistrate judge assigned without consent of the parties to hear a pretrial matter dispositive of a claim or defense of a party or a prisoner petition challenging the conditions of confinement shall promptly conduct such proceedings as are required. A record shall be made of all evidentiary proceedings before the magistrate judge, and a record may be made of such other proceedings as the magistrate judge deems necessary. The magistrate judge shall enter into the record a recommendation for disposition of the matter, including proposed findings of fact when appropriate. The clerk shall forthwith mail copies to all parties.

A party objecting to the recommended disposition of the matter shall promptly arrange for the transcription of the record, or portions of it as all parties may agree upon or the magistrate judge deems sufficient, unless the district judge otherwise directs. Within 10 days after being served with a copy of the recommended disposition, a party may serve and file specific, written objections to the proposed findings and recommendations. A party may respond to another party's objections within 10 days after being served with a copy thereof. The district judge to whom the case is assigned shall make a de novo determination upon the record, or after additional evidence, of any portion of the magistrate judge's disposition to which specific written objection has been made in accordance with this rule. The district judge may accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions.

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

CHAMBERS OF
JAMES K. BREDAR
U.S. MAGISTRATE JUDGE

FILED
U.S. DISTRICT COURT
2006 SEP 27 P

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-0950
(410) 962-2985 FAX

Y_____ DEPUTY

September 27, 2006

Ms. Valerie Glenn
1321 Acorn Ridge Court
Edgewood, Maryland  21040

Charlene Bellinger Honig, SAUSA
Office of the United States Attorney
36 South Charles Street, Fourth Flr
Baltimore, Maryland  21201

   Subject: *Valerie Glenn v. Commissioner, Social Security Administration*
   Civil Action No. WDQ-05-3291

Dear Ms. Glenn and Counsel:

   A copy of the Report and Recommendation of the United States Magistrate Judge is attached. Any objections you wish to make thereto must be made in accordance with Federal Rule of Civil Procedure 72, a copy of which is also enclosed. <u>Note</u>: Failure to file timely objections to the findings and recommendations set forth in this Report and Recommendation may result in waiver of your right to appeal from a judgment of this Court based on such findings and recommendations.

   Very truly yours,

   James K. Bredar
   United States Magistrate Judge

   By: *Charlotte M. Wyatt*
   Deputy Clerk

cw
Attachment: as described
cc: The Hon. William D. Quarles, Jr.
    Court file
    Chambers file